IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| JAY FREESE, | ) | |
| | ) | |
|     Debtor. | ) | Bankruptcy No. 09-02627 |
| ------------------------------------------- | | |
| LINCOLN SAVINGS BANK, | ) | |
| | ) | Adversary No. 09-9140 |
|     Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAY FREESE, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER RE: PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

This matter came before the undersigned for telephonic hearing on July 9, 2010, on Plaintiff Lincoln Savings Bank's Motion to Amend Complaint and Motion for Summary Judgment and Debtor Jay Freese's Motion for Summary Judgment. Attorney Patrick Vickers appeared telephonically for Lincoln Savings Bank. Attorney Jerrold Wanek appeared telephonically for Debtor Jay Freese. After hearing arguments of counsel, the Court took this matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE AND PROCEDURAL BACKGROUND**

On December 18, 2009, Plaintiff Lincoln Savings Bank ("the Bank") commenced this adversary case to object under 11 U.S.C. § 727 to the Court granting Debtor a discharge. Debtor

filed an answer on January 10, 2010. The Court then held a scheduling conference and set deadlines for discovery (May 13) and joint pre-trial statement (June 14).

On June 11, the Bank filed a Motion to Amend Complaint to assert an alternative basis for denying Debtor a discharge. Three days later, the Bank filed a Motion for Summary Judgment. The Bank argued that it was entitled to judgment as a matter of law because Debtor provided false answers or omitted information in his bankruptcy filing and because Debtor failed to maintain adequate financial records. The same day, Debtor filed his own Motion for Summary Judgment and objected to the Bank's Motion for Summary Judgment and Motion to Amend Complaint.

Because the Court finds there are genuine issues for material fact, it denies both the Bank's and Debtor's Motions for Summary Judgment. The Court grants the Bank's Motion to Amend because amendment is to be liberally allowed and the Amended Complaint does not significantly change the issues for trial.

## STATEMENT OF FACTS

In their Joint Pre-Trial Statement, the parties submitted a statement of uncontested facts consisting of only two sentences. Those uncontested facts are as follows: "During the two years prior to the Debtor's filing of bankruptcy he [Debtor] engaged in a sole proprietorship under which he purchased and sold hogs. The Debtor read the Schedules and Statement of Financial affairs filed with [his bankruptcy case] and signed them under penalty of perjury." Numerous additional issues of fact exist in this case and are not covered by the parties' submitted statement. These issues include Debtor's intent in making certain statements in his filings with this Court and the explanation

2

for the inconsistencies between Debtor's Statement of Financial Affairs and the affidavit of the Bank's Assistant Vice-President, Susan Carnahan.

During the summary judgment hearing, both parties focused on several specific answers that Debtor provided on his Statement of Financial Affairs. Specifically, the discussion focused on Question 1 of the Statement, asking for a disclosure of Debtor's gross income, and Question 19, asking for a disclosure of anyone who supervised his books and records during the two years preceding the bankruptcy filing. The Bank focused on Debtor's confusion between "gross income" and "earned in hand income" when completing his Statement of Financial Affairs and argued that Debtor could not have reasonably confused these two categories of income. Therefore, the Bank argued Debtor must have intended to provide incorrect information on his statement. Debtor focused on the lack of clarity of the Statement of Financial Affairs questions and alleges that he was reasonably confused and answered the questions without any intent to make false statements. The credibility of Debtor's testimony and explanations for errors or inconsistencies are crucial issues.

## CONCLUSIONS OF LAW AND ANALYSIS

**A.    The Parties' Cross-Motions for Summary Judgment**

Rule 7056 of the Federal Rules of Bankruptcy Procedure adopts Rule 56 of the Federal Rules of Civil Procedure for summary judgment motions in adversary proceedings. Fed. R. Bankr. P. 7056. "Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In re Herz, No. 08-00412, slip op. at 1 (Bankr. N.D. Iowa Apr. 23, 2009) (citing Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists when

3

(1) there is probative evidence supporting the non-moving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986). Summary judgment should be granted only if the moving party can demonstrate that there is no need for trial on an issue because there is not sufficient evidence supporting the nonmoving party. Id. at 249.

"[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. When a party moves for summary judgment, the court views the record in the light most favorable to the nonmoving party and affords that party all reasonable inferences. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); In re Patch, 526 F.2d 1176, 1180 (8th Cir. 2008). The Eighth Circuit has recognized "**where mental state or intent (particularly willfulness) is at issue**, summary judgment must be granted with caution, **as usually such issues raise questions for determination by a factfinder**." United States v. One 1989 Jeep Wagoneer, 976 F.2d 1172, 1176 (8th Cir. 1992) (citations omitted) (emphasis added). See also Stuart v. Bohnenkamp (In re Bohnenkamp), Adv. No. 00-9068, slip op. at 3 (Bankr. N.D. Iowa, Sept. 13, 2000) ("The question of a debtor's intent is one of fact.") (citation omitted).

To determine what facts are material to the outcome of the case, the Court looks to the applicable law. Here, the Motions arise in relation to the Bank's complaints under 11 U.S.C. §§ 727(a)(4)(A), 727(a)(5), and 727(a)(3).

Section 727(a)(4)(A)

Section 727(a)(4)(A) provides: "The court shall grant the debtor a discharge, unless . . . (4) The debtor knowingly and fraudulently, in or in connection with the case (A) made a false oath or account . . ." This section "provides a harsh penalty for the debtor who deliberately secretes information from the court, the trustee, and other parties in interest to [the bankruptcy] case." In re Sears, 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000). The question of a debtor's knowledge and intent under section 727(a)(4) is an issue of fact. Id. (citing cases).

The evidence of Debtor's knowledge and intent here is hotly disputed and far from conclusive. The Bank alleges that inconsistencies between Debtor's Statement of Financial Affairs and statements about Debtor's financial situation presented through the affidavit of Susan Carnahan conclusively shows that Debtor made intentional false statements. Debtor alleges that he never intended to make false statements to the Court, and he argues that the lack of intent entitles him to summary judgment. Debtor's intent is a critical factual question under § 727(a)(4)(A). It is disputed on the existing record. The Court's determination of the credibility of Debtor's testimony is an issue for trial. Accordingly, the Court finds that both Motions for Summary Judgment should be denied.

Section 727(a)(5)

Under section 727(a)(5), the court shall grant a discharge unless "the debtor has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities . . ." 11 U.S.C. § 727(a)(5). In order to make a claim denying a discharge under section 727(a)(5), a party must first prove that the debtor no longer has an asset he once had. Dunkerton Cooperative Elevator

5

v. Bakker (In re Bakker), Adv. No. 04-9098, slip op. at 5 (Bankr. N.D. Iowa, Jan. 27, 2006) (citation omitted).   If a plaintiff succeeds in making this prima facie case, the burden of production shifts to the debtor, who must provide a satisfactory explanation for the loss.   Id.

    Debtor has met the minimal burden of production by offering an explanation.   The Bank simply disagrees with the credibility of the explanation.   The evidence presented by the parties on these key facts is disputed.   Genuine issues of material fact remain on which party presents accurate income figures.   In particular, the Bank has submitted an affidavit containing its figures and Debtor's Statement of Financial Affairs presents different income figures for Debtor.   The discrepancies between the two sets of figures must be resolved and the credibility of Debtor's explanation relating to the figures is a disputed issue that must be resolved at trial.   Accordingly, the Court denies both Motions for Summary Judgment under § 727(a)(5).

Section 727 (a)(3)

    Section 727(a)(3) provides that the court shall grant a discharge unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained . . . "   11 U.S.C. § 727(a)(3).   A party does not have to prove intent to conceal or destroy in order to prove the elements of § 727(a)(3).   In re Sendecky, 283 B.R. 760, 765 (B.A.P. 8th Cir. 2002).   If the court finds that a debtor has not kept sufficient records, it must inquire into whether the failure to keep the records is justified under an objective standard.   In re Pulos, 168 B.R. 682, 692 (Bankr. D. Minn. 1992) (stating that "debtors have a duty to preserve those records that others in like circumstances would ordinarily keep").

6

The evidence presented by the parties is not sufficient to grant either the Bank or Debtor summary judgment under this subsection. Disputed issues of material fact remain, as it is still unclear whether Debtor did or did not keep financial records, whether any identified failures to keep the records could be justified under an objective standard – and, in particular, whether Debtor's allegation that he did not understand the corresponding question on the Statement of Financial Affairs is credible and/or provided some justification under an objective standard. Accordingly, the Court denies summary judgment under § 727(a)(3).

**B.**     **The Bank's Motion to Amend**

Under Bankruptcy Rule 7015, amendments should be freely allowed when justice so requires. Fed. R. Bankr. P. 7015(a)(2). The Supreme Court has stated that courts should liberally grant leave to amend a pleading unless a compelling reason, such as prejudice to an opposing party, exists. See Forman v. Davis, 371 U.S. 178, 182 (1962). Federal Rule of Civil Procedure 15(c), applicable in adversary proceedings in bankruptcy courts, allows relation back of a claim or defense asserted in an amended pleading if the claim or defense "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c). The court's basic inquiry is whether the amended pleading is related to the general fact situation alleged in the original pleading, so that the defendant had all the notice that statutes of limitations were intended to provide. Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1543 (8th Cir. 1996); In re Bellanca Aircraft Corp., 850 F.2d 1275, 1283 (8th Cir. 1988).

Debtor objects to the Amendment claiming that it changes the issues and is untimely. The Court disagrees. In this case, the Bank seeks to amend its original adversary pleading to include a

second cause of action under 11 U.S.C. § 727(a)(4)(A) or 11 U.S.C. § 727(a)(2)(A). The Bank's amended complaint alleges a denial of discharge based on Debtor's failure to disclose the existence of multiple items of personal property, including a Bobcat S175, a Polaris Ranger ATV, a Polaris 700 ATV, a Kubota tractor/loader, and a 2003 Ford Expedition. Alternatively, the Bank alleges that Debtor, with the intent to hinder, delay, or defraud a creditor, transferred those items of personal property within one year of the date of filing the bankruptcy petition. The Court finds that this amendment would not be untimely because the new claims are sufficiently related to the original causes of action to provide the necessary notice to Debtor. The Court further finds that the Amendments would not unduly prejudice Debtor as they arose out of the same transactions, occurrences, or conduct raised previously. As noted at the hearing, if Debtor believes the amendment will require additional discovery, such discovery will be ordered by the Court. Accordingly, the Bank's Motion to Amend Complaint is granted.

**WHEREFORE**, Plaintiff's Motion for Summary Judgment is DENIED.

**FURTHER**, Debtor's Motion for Summary Judgment is DENIED.

**FURTHER**, Plaintiff's Motion to Amend Complaint is GRANTED.

Dated and Entered: July 27, 2010

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

8